# EXHIBIT A

[Exhibit a.1]

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                    MIDDLESEX SUPERIOR COURT
                                                  DOCKET NO. 2081 CV 01512

PATRICK MICHAUD,                          )
    Plaintiff                             )
                                          )
v.                                        )
                                          )
GABRIEL SOLOMON D/B/A SOLAR MEDIA TEAM,    )
                                          )
SOLOMON ASSOCIATES, LLC,                   )
                                          )
MITCHELL GORDON,                           )
                                          )
SOLAR SOLUTIONS, INC.,                     )
                                          )
SUNERGY SOLAR, LLC,                        )
                                          )
JANE DOE(S) & JOHN DOE(S),                 )
    Defendants                            )

## AMENDED COMPLAINT

### PARTIES

1.  Patrick Michaud ("Michaud") is an individual and licensed attorney with a principal place of business located at 649 Massachusetts Avenue, Cambridge, Massachusetts.

2.  Gabriel Solomon d/b/a Solar Media Team ("Gabriel") is an individual residing 4844 NW 57th Manor Coconut Creek, Florida 33073 and doing business at 6421 Congress Ave. Suite 206, Boca Raton, FL 33487.

3.  Solomon and Associates, LLC ("Solomon") is a corporation organized under the laws of Florida with a principle place of business located at 5379 Lyons Road #606, Coconut Creek, FL 33073.

4.  Mitchell Gordon ("Mitchell") is an individual residing in Florida.

5.      Solar Solutions, Inc. ("Solutions") is a corporation organized under the laws of Florida with a principle place of business located at 14502 N Dale Mabry Hwy, Tampa, FL 33618.

6.      Sunergy Solar, LLC ("Sunergy") is a corporation organized under the laws of Florida with a principle place of business located at 3600 Galileo Drive, Suite 101, Trinity, FL 34655.

7.      Jane Doe(s) and John Doe(s) ("Does") are individuals and/or corporations with unknown addresses involved in violations against plaintiff as more fully described hereafter.

## JURISDICTION

8.      This Court has general personal jurisdiction over the Defendants under the Massachusetts Long Arm Statute, G.L. c. 223A, because at all times relevant the Defendants had continuous business contacts with Massachusetts directly by and through their agents.

9.      This Court has personal jurisdiction over the Defendants for all claims arising under the Massachusetts Telemarketing Solicitation Act ("MTSA"): "[a] court of the Commonwealth may exercise personal jurisdiction over a nonresident or his executor or administrator as to an action or proceeding authorized by [G.L. c. 159C § 12].".

10.     Venue is proper because a substantial amount of the events giving rise to this action occurred in Massachusetts.

## FACTS

11.     The allegations of the preceding paragraphs of this Complaint are realleged and incorporated by reference.

12.     At all relevant times, the Defendants engage(d) in the business of promoting, marketing, and/or selling home improvement products and services.

13.     At all relevant times, Michaud's personal cell phone number, 617-290-9440, has been registered on the "do not call list" maintained by the Federal Trade Commission ("FTC").

14.     Calls registered with the FTC are automatically included in the Massachusetts do-not-call list subject to the Massachusetts Telemarketing Solicitation Act ("MTSA"). See G.L. c. 159C §7.

15.    On the following dates, Michaud received numerous calls [at least 6 calls and other calls using blocked or spoofed numbers] to his personal cell phone [(617)290-9440] from the Defendants, Gabriel, Solomon, Mitchell, Solutions, and Sunergy, working in concert and/or their agents, while Michaud was at his law office or other places, attempting to sell Defendants' solar products and services:

- March 27, 2017 (multiple calls)
- March 28, 2017 (multiple calls)
- March 29, 2017 (multiple calls)

16.    During one of these calls, the caller referred me to a person named "Junior" who requested my social security number claiming it was safe to do and that he would not do anything with the social security number and then to a "Mitchell Gordon" who told me to send my electrical bill to his company.

17.    Mitchell represented during telephone calls that he worked for Solutions.

18.    Mitchell later represented via email that he worked for Sunergy during the time frame when the calls were made to Michaud.

19.    Certificates issued from the state of Florida and company websites show that multiple companies, including Gabriel and Sunergy, employed Mitchell during this time frame along with Mitchell's own representations that he worked for Solutions.

20.    In order to prevent detection, the callers would call from various disguised phone numbers that could not be called back and/or would get a constant busy signal.

21.    Michaud never consented to receive these calls placed for telemarketing purposes.

22.    Congress recognized that "[u]nrestricted telemarketing can be an intrusive invasion of privacy." Telephone Consumer Protection Act of 1991 (47 U.S.C. § 227) ("TCPA").

23.    Pursuant to the TCPA, it is unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic dialing system or an artificial prerecorded voice . . . to any telephone number assigned to . . . a cellular telephone service."  See 47 U.S.C. § 227(b)(1)(A)(iii).

Page 3 of 12

24.     The TCPA prohibits the initiation of telephone solicitations to residential telephone subscribers to the Do Not Call Registry.  47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

25.     The defendants' telemarketing strategy includes placing thousands upon thousands of random telephone calls to individuals that they have no prior relationship with and whose numbers the defendants would know are on the Do Not Call Registry upon minimal research or investigation.

26.     The defendants acting in concert employ the use of automatic telephone dialing systems ("ATDS") to solicit business.

27.     The defendant use ATDS that is capable of storing and producing telephone numbers to be called and which includes autodialers and predictive dialers.

28.     The defendants engage in the use of this automatic equipment as it allows for thousands of calls to be placed at one time.

29.     During the calls to Michaud, many of the calls contained lengthy delays and/or pause before a representative would respond to the call which indicates that ATDS were used.

30.     On May 16 and May 30, 2017, Michaud sent via certified mail return receipt a demand letter pursuant to G.L. 93A to Gabriel, Solomon, Mitchell, and Solutions. The letters alleged violations of federal and state law and demanded, *inter alia*, actual and statutory damages.

31.     The Defendants either never responded to the 93A demand letter or failed and/or refused to make any offer of settlement.

32.     As of the date of this complaint, it has been more than thirty days and the Defendants have failed to respond substantively to the 30-day demand, failed to provide the do-not-call policy as federal law requires, and failed to make any reasonable settlement offer.

33.     The defendants were responsible for the calls to Michaud.

COUNT I
AGAINST ALL DEFENDANTS
(Violations of the Massachusetts Telemarketing Solicitation Act, G.L. c. 159C)

34.     The allegations of the preceding paragraphs of this Complaint are realleged and incorporated by reference.

35.     G.L. c. 159C §§ 3 and 4, imposes limitations on making unsolicited telephonic sales calls and prohibits circumventing the use of caller identification.

36.     Specifically, G.L. c. 159C § 3 states that "[a] telephone solicitor shall not make or cause to be made an unsolicited telephonic sales call to a consumer: (i) if the consumer's name and telephone number appear on the then current quarterly no sales solicitation calls listing made available by the office under section 2.

37.     G.L. c. 159C § 4 states that "[n]o telephone solicitor shall intentionally cause to be installed or shall intentionally use a blocking device or service to circumvent a consumer's use of a call identification service or device.

38.     The defendants violated G.L. c. 159 by its action of calling Michaud's phone.

39.     Michaud is entitled to statutory damages of $5,000 for each violation of G.L. c. 159C §§ 3 and 4. See G.L. c. 159C § 8(b).  Michaud is entitle to not less than $5,000 in statutory damages or actual damages and mandatory attorney's fees.

40.     Michaud is entitled to statutory damages separate and apart from those under any other federal or state cause of action as "[t]he remedies, duties, prohibitions and penalties provided in [G.L. c. 159C] shall not be exclusive and shall be in addition to all other causes of action, remedies and penalties provided by law, including any applicable remedies pursuant to chapter 93A." See G.L. c. 159C § 13

COUNT II
AGAINST ALL DEFENDANTS
(Invasion of Privacy by Intrusion Upon Seclusion)

41.     The allegations of the preceding paragraphs of this Complaint are realleged and incorporated by reference.

42.    G.L. c. 214, § 1B, inserted by St. 1974, c. 193, § 1, provides in relevant part: "A person shall have a right against unreasonable, substantial or serious interference with his privacy."

43.    Defendant's intentionally intruded upon Michaud's right to privacy by contacting Michaud numerous times while Michaud's number has at all times relevant been included on the do-not-call registry.

44.    The telephone calls made and/or that were caused to be made to Michaud by the Defendant were so intrusive as to be considered harassing, "hounding the plaintiff," and "a substantial burden to his existence," thus satisfying the *Restatement of Torts, Second*, § 652(b) requirement for an invasion of privacy.

45.    The conduct of the Defendants resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

46.    As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial, subject to being trebled under G.L. c. 93A §9(3).

COUNT III

AGAINST ALL DEFENDANTS

(Violations of the Telephone Consumer Protection Act)

47.    The allegations of the preceding paragraphs of this Complaint are realleged and incorporated by reference.

48.    A private right of action exists pursuant to 47 U.S.C.A. § 227(c)(5) of the Telephone Consumer Protection Act (TCPA), 47 U.S.C.A. § 227 for violation of the Federal Communications Commission's (FCC) national do-not-call registry, 47 C.F.R. § 64.1200(c)(2) and entity-specific do-not-call list, 47 C.F.R. § 64.1200(d), regulations, promulgated pursuant to the TCPA protection of telephone subscriber privacy rights provisions, 47 U.S.C.A. § 227(c)(1) to (4).

49.    Defendants violated 47 C.F.R. § 64.1200(c)(2) (as amended by Rules and Regulations Implementing the Telephone Consumer Protection Act (TCPA) of 1991, 68 Fed. Reg. 44,144 (July 15, 2003)), by engaging in a pattern or practice of initiating telephone solicitations to Michaud's cell phone in Massachusetts, whose telephone number, at all times relevant, was listed on the Federal Trade Commission's do not call registry.

50.     Michaud received more than one telephone call within the last 12-month period by or on behalf of the same entity in violation of the regulations prescribed under 47 U.S.C.A. § 227(c).

51.     Defendants violated 47 C.F.R. § 64.1200(d) (as amended by Rules and Regulations Implementing the Telephone Consumer Protection Act (TCPA) of 1991, 68 Fed. Reg. 44,144 (July 15, 2003)), and its predecessor, 47 C.F.R. § 64.1200(e)(2) (2002), by causing telephone solicitation calls to be made to Michaud's cell phone in Massachusetts without first instituting procedures for maintaining a list of persons who do not wish to receive telephone solicitations made by or on behalf of Defendants.

52.     Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) by causing Michaud's cell phone to be called, and 16 C.F.R. 310.4(b)(iii)(A), by causing Michaud cell phone to be called after he had previously asked not to be called.

53.     Defendants without being exempted under 47 U.S.C. § 227 (e)(3)(B), violated 47 U.S.C. § 227(e)(1) by causing a caller identification service to knowingly transmit misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain things of value.

54.     These Defendants' violations are willful and knowing, violate the TCPA and give rise to a civil claim thereunder entitling the plaintiff to statutory damages of not less than $1,500 per call.

55.     Michaud is entitled to not less than $9,500 from Defendants.

COUNT IV

AGAINST GABRIEL SOLOMON IN HIS INDIVIDUAL CAPACITY
(Violations of the Massachusetts Consumer Protection Act, G.L. c. 93A)

56.     The allegations of the preceding paragraphs of this Complaint are realleged and incorporated by reference.

57.     At all times relevant Gabriel was engaged in trade or commerce within the meaning of G.L. c. 93A §2.

58.     Gabriel was engaged in unfair and deceptive practices declared unlawful by G.L. c. 93A. Such acts of unfair competition include, but are not limited to, violations of the Massachusetts

Telephone Solicitations Act, and the unreasonable invasion of Michaud's privacy and intrusion on his seclusion.

59.    In addition to violations of the Massachusetts Telephone Solicitations Act, Gabriel also violated numerous provisions of the federal Telephone Consumer Protection Act ("TCPA"), each of which are separate *per se* violations of G.L. c. 93A.

60.    Specifically, among other things, Gabriel knowingly and willfully violated the Federal Communications Commission's (FCC) national do-not-call registry, 16 C.F.R. § 310, 47 C.F.R. § 64.1200(c)(2) and entity-specific do-not-call list, 47 C.F.R. § 64.1200(d), regulations, promulgated pursuant to the TCPA protection of telephone subscriber privacy rights provisions, 47 U.S.C.A. § 227(c)(1) to (4), and G.L. c. 159C.

61.    Gabriel violated 47 C.F.R. § 64.1200(c)(2) (as amended by Rules and Regulations Implementing the Telephone Consumer Protection Act (TCPA) of 1991, 68 Fed. Reg. 44,144 (July 15, 2003)), by engaging in a pattern or practice of initiating telephone solicitations to Michaud's cell phone in Massachusetts, whose telephone number, at all times relevant, was listed on the Federal Trade Commission's do not call registry.

62.    Gabriel violated 47 C.F.R. § 64.1200(d) (as amended by Rules and Regulations Implementing the Telephone Consumer Protection Act (TCPA) of 1991, 68 Fed. Reg. 44,144 (July 15, 2003)), and its predecessor, 47 C.F.R. § 64.1200(e)(2) (2002), by causing telephone solicitation calls to be made to Michaud's cell phone in Massachusetts without first instituting procedures for maintaining a list of persons who do not wish to receive telephone solicitations made by or on behalf of Defendants, and by failing to provide the do-not-call policy upon demand.

63.    Gabriel violated 47 U.S.C. § 227(b)(1)(A)(iii) by causing Michaud's cell phone to be called, and 16 C.F.R. 310.4(b)(iii)(A), by causing Michaud cell phone to be called after he had previously asked not to be called.

64.    Gabriel violated 47 U.S.C. § 227(e)(1) by causing a caller identification service to knowingly transmit misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain things of value.

65.     The regulations promulgated by the Massachusetts Attorney General, 940 C.M.R. 3.16, state that "[w]ithout limiting the scope of any other rule, regulation or statute, an act or practice is a violation of M.G.L. c. 92A, § 2 if ... (4)" it is a violation of G.L. c. 93A if "[i]t violates the Federal Trade Commission Act ... or other Federal Consumer Protection statutes within the purview of M.G.L. c. 93A, § 2.

66.     Michaud sent Gabriel a Massachusetts Consumer Protection Act, G.L. c. 93A 30-day demand letter before commencing an action under G.L. c. 93A.

67.     More than thirty days have elapsed since Gabriel received the 30-day demand letter, and Gabriel has not responded with a reasonable settlement offer.

68.     Gabriel's violations of the Massachusetts Consumer Protection Act were willful and knowing.

69.     Gabriel's failure to respond to Michaud's 30-day demand with a reasonable settlement offer, their refusal to provide Michaud with the names of the persons making the calls, and their refusal to provide their DO NOT CALL POLICY, were acts and omissions made in bad faith, which also violates G.L. c. 93A.

## COUNT V
### AGAINST SOLOMON MITCHELL AND SOLUTIONS
(Violations of the Massachusetts Consumer Protection Act, G.L. c. 93A)

70.     The allegations of the preceding paragraphs of this Complaint are realleged and incorporated by reference.

71.     At all times relevant the defendants were engaged in trade or commerce within the meaning of G.L. c. 93A §2.

72.     Defendants were engaged in unfair and deceptive practices declared unlawful by G.L. c. 93A. Such acts of unfair competition include, but are not limited to, violations of the Massachusetts Telephone Solicitations Act, and the unreasonable invasion of Michaud's privacy and intrusion on his seclusion.

73.     In addition to violations of the Massachusetts Telephone Solicitations Act, Gabriel also violated numerous provisions of the federal Telephone Consumer Protection Act ("TCPA"), each of which are separate *per se* violations of G.L. c. 93A.

74.     Specifically, among other things, defendants knowingly and willfully violated the Federal Communications Commission's (FCC) national do-not-call registry, 16 C.F.R. § 310, 47 C.F.R. § 64.1200(c)(2) and entity-specific do-not-call list, 47 C.F.R. § 64.1200(d), regulations, promulgated pursuant to the TCPA protection of telephone subscriber privacy rights provisions, 47 U.S.C.A. § 227(c)(1) to (4), and G.L. c. 159C.

75.     Defendants violated 47 C.F.R. § 64.1200(c)(2) (as amended by Rules and Regulations Implementing the Telephone Consumer Protection Act (TCPA) of 1991, 68 Fed. Reg. 44,144 (July 15, 2003)), by engaging in a pattern or practice of initiating telephone solicitations to Michaud's cell phone in Massachusetts, whose telephone number, at all times relevant, was listed on the Federal Trade Commission's do not call registry.

76.     Defendants violated 47 C.F.R. § 64.1200(d) (as amended by Rules and Regulations Implementing the Telephone Consumer Protection Act (TCPA) of 1991, 68 Fed. Reg. 44,144 (July 15, 2003)), and its predecessor, 47 C.F.R. § 64.1200(e)(2) (2002), by causing telephone solicitation calls to be made to Michaud's cell phone in Massachusetts without first instituting procedures for maintaining a list of persons who do not wish to receive telephone solicitations made by or on behalf of Defendants, and by failing to provide the do-not-call policy upon demand.

77.     Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) by causing Michaud's cell phone to be called, and 16 C.F.R. 310.4(b)(iii)(A), by causing Michaud cell phone to be called after he had previously asked not to be called.

78.     Defendants violated 47 U.S.C. § 227(e)(1) by causing a caller identification service to knowingly transmit misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain things of value.

79.     The regulations promulgated by the Massachusetts Attorney General, 940 C.M.R. 3.16, state that "[w]ithout limiting the scope of any other rule, regulation or statute, an act or practice is a violation of M.G.L. c. 92A, § 2 if … (4)" it is a violation of G.L. c. 93A if "[i]t violates the

Federal Trade Commission Act ... or other Federal Consumer Protection statutes within the purview of M.G.L. c. 93A, § 2.

80.   Michaud sent defendants a Massachusetts Consumer Protection Act, G.L. c. 93A 30-day demand letter before commencing an action under G.L. c. 93A.

81.   More than thirty days have elapsed since defendants received the 30-day demand letter, and defendants have not responded with a reasonable settlement offer.

82.   Defendant's violations of the Massachusetts Consumer Protection Act were willful and knowing.

83.   Defendant's failure respond to Michaud's 30-day demand with a reasonable settlement offer, their refusal to provide Michaud with the names of the persons making the calls, and their refusal to provide their DO NOT CALL POLICY, were acts and omissions made in bad faith, which also violates G.L. c. 93A.

WHEREFORE, as to all Counts, the Plaintiff requests that this Court:

1.   Enter judgment for the Plaintiff against all Defendants - joint and several liability;

2.   Award actual damages as determined by the court;

3.   Enjoin Defendants from making further calls to Michaud's phone as provided under the Massachusetts Telemarketing Solicitations Act, G.L. c. 159C § 8(b)(i);

4.   Award not less than $5,000 in statutory damages as provided under the Massachusetts Telemarketing Solicitations Act, G.L. c. 159C § 8(b)(ii) for each violation;

5.   Award not less than $1,500 in statutory damages per call by each defendant as provided by the TCPA.

6.   Treble all damages and award attorney's fees as provided under G.L. c. 93A §9(3);

7.   Award interest, costs, and mandatory attorney's fees pursuant to M.G.L. c. 159; and

8.   Award such other relief as this Court deems just and proper.

PLAINTIFF REQUESTS JURY TRIAL

Plaintiff,

/s/ Patrick Michaud

Patrick Michaud, Pro Se
PO BOX 320675
BOSTON, MA 02132
857-331-4590 (tele)
617-663-0650 (fax)

Date:   October 14, 2020

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2081CV01512 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Michaud, Patrick vs. Gabriel Solomon Doing Business as Solar Media Team et al | Michael A. Sullivan, Clerk of Court Middlesex County |
|---|---|
| TO: Patrick A Michaud, Esq. Michaud Law Office PO Box 320675 Boston, MA 02132 | COURT NAME & ADDRESS Middlesex County Superior Court - Woburn 200 Trade Center Woburn, MA 01801 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

#### STAGES OF LITIGATION
#### DEADLINE

|  | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court |  | 09/28/2020 |  |
| Response to the complaint filed (also see MRCP 12) |  | 10/28/2020 |  |
| All motions under MRCP 12, 19, and 20 | 10/28/2020 | 11/27/2020 | 12/28/2020 |
| All motions under MRCP 15 | 10/28/2020 | 11/27/2020 | 12/28/2020 |
| All discovery requests and depositions served and non-expert depositions completed | 04/26/2021 |  |  |
| All motions under MRCP 56 | 05/26/2021 | 06/25/2021 |  |
| Final pre-trial conference held and/or firm trial date set |  |  | 10/25/2021 |
| Case shall be resolved and judgment shall issue by |  |  | 06/30/2022 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED 07/01/2020 | ASSISTANT CLERK Maria Pantos | PHONE (781)939-2781 |
|---|---|---|

Date/Time Printed: 07-01-2020 09:25:44
SCV020- 082911

## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. _2081 CU1512_

*Patrick Michaud* PLAINTIFF(S),

v. *Gabriel Soloman d/b/a Solar Media Team et. al.* DEFENDANT(S)

**SUMMONS**

THIS SUMMONS IS DIRECTED TO _Gabriel Solomon_ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Middlesex_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, _Middlesex_ Superior Court, _200 TradeCenter Woburn, MA 01801_ (address), by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: _Attorney Patrick Michaud, PO Box 370675, Boston, MA 02122_

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov/courts/case-legal-res/rules of court.

4.  **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.  **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____ , 20 ___ .


Michael A. Sullivan
Clerk-Magistrate


Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.


## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ , 20 ___ , I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

Dated: _____ , 20 ___        Signature: _____


**N.B.   TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

```
+-------------------------------------------+
|                                           |
|                                           |
|                               , 20 ___    |
+-------------------------------------------+
```