UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PATRICK MICHAUD,<br><br>   Plaintiff,<br><br>vs.<br><br>GABRIEL SOLOMON D/B/A SOLAR MEDIA TEAM, SOLOMON ASSOCIATES, LLC, MITCHELL GORDON, SOLAR SOLUTIONS, INC., SUNERGY SOLAR, LLC, JANE DOE(S) & JOHN DOE(S)<br><br>   Defendant(s). | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**<u>MEMORANDUM IN SUPPORT OF GABRIEL SOLOMON'S</u>**

**<u>AND RENOVATION REFERRAL, LLC f/k/a SOLOMON & ASSOCIATES LLC'S</u>**

**<u>MOTION TO DISMISS AND REQUEST FOR EXTENSION TO FILE</u>**

**<u>MOTION TO DISMISS</u>**

**I.   INTRODUCTION**

Plaintiff's barebones Amended Complaint alleges that he received telemarketing calls in violation of the Massachusetts Telemarketing Solicitation Act, G.L c. 159C ("MTSA"), intrusion upon seclusion, Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"), and Massachusetts Consumer Protection Act, G.L. c. 93A.("MCPA"). Rather than provide specific facts linking each of the five defendants to these calls, Plaintiff mostly refers to them collectively. Plaintiff's Amended Complaint does not assert any specific facts with respect to Defendant Renovation Referral, LLC, f/k/a Solomon & Associates LLC ("Solomon"). Nor does Plaintiff set forth specific facts to link Defendant Gabriel Solomon ("Defendant Gabriel") to these calls. Plaintiff's Amended Complaint fails to state a claim against these defendants and should be dismissed.

Moreover, Defendant Gabriel is a Florida resident and was owner of Florida-based Solomon at the time of the calls at issue. Plaintiff cannot meet his burden to establish specific

personal jurisdiction over these two Florida defendants. Plaintiff's Amended Complaint must be dismissed on this ground.

## II. FACTS

Plaintiff asserts that he received calls on March 25, 26 and 27, 2017 in violation of various statutes. (Amend. Comp. ¶ 15 .) Plaintiff alleges that the unidentified caller referred him to a person named "Junior" and to Defendant, Mitchell Gordon, who told him to send his electrical bill to his company. (Amend. Comp. ¶ 16.)

The Plaintiff's only specific allegations with respect to Defendant Gabriel are as follows.

First:

> That Plaintiff received numerous calls to his personal cell phone from Defendants Gabriel, Solomon, Mitchell, Solutions, and Sunergy, "working in concert" and/or their agents, while Michaud was at his law office or other places, attempting to sell Defendants' solar products and services"

(Amend. Comp. ¶ 15.)

Second, that "Certificates issued from the state of Florida and company websites show that multiple companies, including Gabriel and Sunergy, employed Mitchell during this time frame along with Mitchell's own representations that he worked for Solutions." (Amend. Comp. ¶ 19.)

Plaintiff also refers to all five "Defendants" collectively numerous times. (Amend. Comp. ¶¶ 25-28, 31, 33.) Not once does Plaintiff's Amended Complaint state how the calls at issue relate to Defendant Solomon at all.

## III. ARGUMENT

### A. The Solomon Defendants' motion should be considered timely

This matter was removed to this District by Defendant Gabriel on November 6, 2020. Therefore, the Solomon Defendants' response to the Amended Complaint was due on November 13, 2020. Fed. R. Civ. P. 81(c).

The Solomon Defendants e-mailed Plaintiff the basis for its motion on November 11, 2020. (Declaration of John O. Postl, ¶ 5). The parties had set up a November 13, 2020 phone call at 2:00 p.m. to further discuss but counsel for the Solomon Defendants fell ill and was

unable to participate. (Postl Decl. ¶¶ 5-6.) Counsel for the Solomon Defendants was too ill to file a request for extension on Friday, November 13, 2016. (Postl Decl. ¶ 7.) The parties held their meet and confer conference on November 16, 2020, yet Plaintiff refuses to stipulate to an extension of time to respond to the Amended Complaint. (Postl Decl. ¶ 8.)

The Solomon Defendants request that the Court still consider this motion for several reasons. First, the Solomon Defendants attempted to comply with Rule 7.1 in good faith prior to filing their Motion and had counsel not fell ill, would have done so. The Solomon Defendants assert that the extension of time be considered as filed under Fed.R.Civ. Proc. 6(b). Good cause for the extension is set forth in the Declaration of John Postl, filed concurrently herewith. As held in *Richards v. Hewlett-Packard Corp.*, No. CV 07-10574-NMG, 2008 WL 11391140, at *2 (D. Mass. Sept. 12, 2008):

> Defendants contend that Richards did not "show cause" and "excusable neglect" for failure to obtain leave prior to the expiration of the deadline to file dispositive motions and the expiration of the 14 day period in LR. 7.1(b)(2) as is required under Rule 6(b), Fed. R. Civ. P.2 (Docket Entry # 33). ***In light of an illness in Richards' counsel's family as well as the lack of demonstrable prejudice to defendants, this court will not strike the foregoing documents***. (Docket Entry # 35).

*Id.* (emphasis added).

Good cause is further shown by the fact that Courts within this district will deny motions without prejudice for lack of compliance with L.R. 7.1. *Sun Capital Partners III, LP v. New England Teamsters & Trucking Indus. Pension Fund*, 329 F.R.D. 102, 105 (D. Mass. 2018) (noting "I have introduced a practice in my session of denying — without prejudice to compliant resubmission — any motion not accompanied by a Local Rule 7.1 certification in the absence of a showing that obtaining such a certification is not feasible.") This effectively grants an extension. *See, e.g., Amoah v. McKinney*, No. CV 4:14-40181-TSH, 2016 WL 3906580, at *1 (D. Mass. July 14, 2016) (noting "In addition to being late, plaintiff's motion lacked a Rule 7.1 certification. ***This court effectively excused plaintiff's late filing by denying the motion without prejudice and permitting plaintiff 'to refile his motion by May 13, 2016***.'") (emphasis added).

Second, the Court can *sua sponte* grant an extension. *See, e.g., Awad v. First Tower Funding, LLC,* No. CV 17-10994-JGD, 2018 WL 2770129, at *1 (D. Mass. June 8, 2018) (court, sua sponte, issued an order extending the time for the plaintiff to respond to a motion to dismiss).

Finally, the Court can dismiss Plaintiff's claims *sua sponte* for lack of personal jurisdiction. *See, e.g., Procter & Gamble Commercial LLC v. Caribbean Vessels*, 550 F.Supp.2d 230, 233 n.6 (D.P.R. 2007).

### B. Federal Rule 12(b)(6) Standard.

To survive a motion to dismiss, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Further, Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed when it "has not nudged [the claims] . . . across the line from conceivable to plausible." *Id.* at 680 (internal quotation marks omitted). Plaintiff's Complaint fails this standard.

### C. Plaintiff's claims against the Solomon Defendants fail because he does not delineate between defendants

The phone calls to Plaintiff's phone number are the basis for his claims under the MTSA, intrusion upon seclusion, TCPA, and MCPA. The Amended Complaint repeatedly refers to all five defendants collectively as responsible for the calls. This is insufficient to state a claim against Defendants Solomon and Gabriel as responsible for the calls.

Plaintiff's reliance on collective allegations does not satisfy *Iqbal/Twombly*. *See, e.g., Redondo Waste Sys., Inc. v. Lopez-Freytes* (1st Cir. 2011) ("For us to draw such an inference, Redondo's complaint must allege facts linking each defendant to the grounds on which that particular defendant is potentially liable. Id. at 1948. If the complaint fails to do so, then we must affirm the dismissal order. Id.") *See also Ochre LLC v. Rockwell Architecture Planning & Design, P. C.*, No. 12 Civ. 2837 (KBF), 2012 WL 6082387, at *6 (S.D.N.Y. Dec. 3, 2012). (holding a "failure to isolate the key allegations against each defendant supports dismissal" under Twombly and Iqbal.)

4

If the collective reference to "Defendants" is disregarded, Plaintiff's Amended Complaint contains no allegations against Solomon. Plaintiff's Amended Complaint as to Solomon (Counts I, II, III and V) must be dismissed.

Similarly, if the collective reference to "Defendants" is disregarded, Plaintiff's Amended Complaint contains only the following allegations against Defendant Gabriel:

> And that "Certificates issued from the state of Florida and company websites show that multiple companies, including Gabriel and Sunergy, employed Mitchell during this time frame along with Mitchell's own representations that he worked for Solutions."

(Amend. Comp. ¶ 19.)

This is insufficient to establish Plaintiff's claims against Defendant Gabriel (Counts I, II, III and IV) as plausible. They must be dismissed. Moreover, Plaintiff's Amended Complaint does not come close to stating a claim for individual liability against Defendant Gabriel for any of the torts alleged in the Amended Complaint.

### D. Plaintiff fails to state any claim against Defendant Gabriel

Plaintiff's MTSA claim (Count I), intrusion upon seclusion (Count II), TCPA claim (Count III), and MCPA (Count IV) fails to establish either vicarious or direct liability against Defendant Gabriel, as shown below.

#### 1. There is no direct liability for Gabriel

"The First Circuit has yet to define the scope of individual liability for ATDS cases under the TCPA. Courts that have addressed the issue have concluded that individuals acting on behalf of a corporation may be held personally liable for violations of Section 227 if they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.' " *Jones v. Montachusett Reg'l Transit Auth.*, No. 4:19-CV-11093-TSH, 2020 WL 1325813, at *4 n. 3 (D. Mass. Feb. 7, 2020).

Plaintiff Amended Complaint does not allege that Defendant Gabriel made the calls. (Amend. Comp. ¶¶ 15-16.) Therefore, there was no personal participation. At best he alleges that Defendant Gabriel employed Mitchell at some point in time. (Amend. Comp. ¶ 19.) That is

5

insufficient to assert that Defendant Gabriel authorized the conduct found to have violated the statute. *Cunningham v. Spectrum Tax Relief, LLC*, No. 3:16-2283, 2017 WL 3222559, at *3 (M.D. Tenn. July 7, 2017), *report and recommendation adopted*, No. 3:16-CV-02283, 2017 WL 3220411 (M.D. Tenn. July 28, 2017).

In *Cunningham*, the court held that the plaintiff's allegation that the defendants had direct, personal participation in causing or authorizing the allegedly illegal telephone calls to be made was conclusory and did not support a TCPA claim. *Id*. The court also held that the plaintiff must "do more than create speculation or suspicion of a legally cognizable cause of action; [he] must show entitlement to relief." *Id*. (citing *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555). Plaintiff does not even include a conclusory allegation that Defendant Gabriel had direct personal participation in causing or authorizing the calls at issue. Plaintiff's TCPA claim against Defendant Gabriel fails.

Plaintiff's Count III against Defendant Gabriel also fails as a matter of law. Similarly, Defendant Gabriel is not alleged to make the calls at issue to trigger direct liability for intrusion upon seclusion.

Similarly, the relevant provisions of the MTSA apply only to "telephone solicitors" (Mass Gen. Laws. ch. 159c §§ 3-4) and the definition of that term covers only those who "made" or "caused to be made" a call in violation of the statute. Id. at § 1. There are no allegations that Defendant Gabriel made the calls or that Defendant Gabriel directed Mitchell to call Plaintiff. The MTSA claim against Defendant Gabriel fails to state a claim.

As Plaintiff's MCPA claim is derivative of his TCPA, MTSA and intrusion upon seclusion claims, this claim fails.

**2. There is no vicarious liability of Defendant Gabriel for any of the claims**

A party who engages a third-party telemarketer may be held vicariously liable under federal common law agency principles for a TCPA violation. *Rosenberg v. LoanDepot.com* LLC, 435 F. Supp. 3d 308, 325 (D. Mass. 2020). *Miller v. Federated Dep't Stores, Inc*., 364 Mass. 340, 304 N.E.2d 573 (1973). ("An employer may be held vicariously liable for the intentional tort of an agent if the tortious act or acts were committed within the scope of

employment. *Worcester Ins. Co. v. Fells Acres Day Sch., Inc.*, 408 Mass. 393, 404, 558 N.E.2d 958, 967 (1990)".

Plaintiff's Amended Complaint does not contain any specific facts establishing Mitchell was an agent or that Defendant Gabriel ratified his conduct. Therefore, it cannot establish vicarious liability for calls for the purposes of intrusion upon seclusion or TCPA. Similarly, to the extent "cause to be made" under the MTSA encompasses vicarious liability, this claim also fails. Plaintiff's claims under Section 93A of the MCPA fail as they are contingent on his other causes of action.

Plaintiff's Amended Complaint against Defendant Gabriel and Renovation f/k/a Solomon should be dismissed in its entirety.

**A.      Federal Rule 12(b)(2) Standard.**

In ruling on a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) without an evidentiary hearing, a district court must apply the prima facie standard of review. *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001). Under the prima facie standard, Plaintiffs must "demonstrate the existence of every fact required to satisfy both the forum's long-arm statute and the Due Process Clause of the Constitution." *Id.* (citing *United Elec. Radio and Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 987 F.2d 39, 44 (1st Cir. 1993)). The Court considers the facts alleged in the pleadings as well as the parties' supplemental filings. *Sawtelle v. Farrell*, 70 F.3d 1381, 1385 (1st Cir. 1995); *Ticketmaster-N.Y., Inc. v. Alioto*, 26 F.3d 201, 203 (1st Cir. 1994). The Court will "take specific facts affirmatively alleged by the plaintiff as true (whether or not disputed) and construe them in the light most congenial to the plaintiff's jurisdictional claim*." Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998). In doing so, the Court will "not credit conclusory allegations or draw farfetched inferences." *Ticketmaster,* 26 F.3d at 203. The Court is also required to "add to the mix facts put forward by the defendants, to the extent that they are uncontradicted." *Mass. Sch. of Law*, 142 F.3d at 34.

### 1. There is no specific jurisdiction

There are two types of personal jurisdiction to consider in the constitutional analysis: general and specific. *Cossaboon v. Me. Med. Ctr.*, 600 F.3d 25, 31 (1st Cir. 2010). Plaintiff's Amended Complaint is devoid of allegations that either Defendant Gabriel or Defendant Solomon had consistent contacts with this forum. Thus, the Solomon Defendants' motion focuses on specific jurisdiction. Specific jurisdiction exists "when the cause of action at issue 'arises out of or relates to' " the defendant's contacts with the forum state, "even if those contacts are 'isolated and sporadic.' " *Red Wing Shoe Co. Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1359 (Fed. Cir. 1998) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174, 2182, 85 L. Ed. 2d 528 (1985)). Specific jurisdiction "may only be relied upon where the cause of action arises directly out of, or relates to, the defendant's forum-based contacts." *Cossaboon*, 600 F.3d at 31 (citation omitted).

The specific jurisdiction inquiry is threefold: relatedness, purposeful availment and reasonableness. *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1297 (Fed. Cir. 2009). The plaintiff bears the burden of proof on all three elements. See *Rodriguez v. Samsung Electronics Co., Ltd.*, 827 F. Supp. 2d 47, 50 (D. Mass. 2011).

### 2. Plaintiff cannot establish jurisdiction over Defendant Gabriel

Plaintiff's Amended Complaint cannot establish jurisdiction over Defendant Gabriel simply by alleging Mitchell may have been employed by Defendant Gabriel when he made the calls. "While Massachusetts courts have consistently rejected a blanket rule that employees who act in their official capacity are absolutely shielded from suit in their individual capacity (the so-called 'fiduciary shield doctrine'), more than mere participation in the corporation's affairs is required."); See *M-R Logistics, LLC v. Riverside Rail, LLC*, 537 F. Supp. 2d 269, 280 (D. Mass. 2008) *see also Sentient Jet, LLC v. Apollo Jets, LLC*, No. 13-cv-10081-DJC, 2014 WL 1004112, at *4 (D. Mass. 2014) (noting jurisdiction may not be exercised over a corporate officer, with no contacts with the forum state, "merely because of the position which the defendant holds with the corporation"). *Hopkins v. Yi*, No. 4:18-CV-40197-TSH, 2019 WL 3547085, at *7 (D. Mass. May 31, 2019) ("In other words, generalized allegations that Hsu, as CEO, was responsible for

the inspection and maintenance of the tractor trailer, and for the supervision, hiring, and training of Jackymoon employees, illustrate, at best, a fortuitous or attenuated connection to Massachusetts. The record is devoid of any allegation that Hsu voluntarily availed himself of the privilege of conducting business in Massachusetts, either individually or on behalf of Jackymoon") .

Plaintiff's Amended Complaint does not assert Defendant Gabriel availed himself of the privilege of conducting business in Massachusetts.  Nor can Plaintiff establish jurisdiction over Defendant Gabriel simply because he was allegedly Mitchell's employer.

### 3.       **Plaintiff cannot establish relatedness**

The relatedness inquiry asks whether "the claim underlying the litigation ... directly arise[s] out of, or relate[s] to, the defendant's forum-state activities." *Astro-Med, Inc. v. Nihon Kohden Am., Inc*., 591 F.3d 1, 9 (1st Cir. 2009).  It is a "flexible, relaxed standard," id., but still requires a causal relationship between Plaintiff's claim and the Solomon Defendants' forum-related conduct, *Harlow v. Children's Hosp*., 432 F.3d 50, 61 (1st Cir. 2005).  Although not precisely proximate cause, "due process demands something like a 'proximate cause' nexus." *Id.* (quoting *Cambridge Literary Props., Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. Kg.*, 295 F.3d 59, 65 (1st Cir. 2002)). "[T]he defendant's in-state conduct must form an important, or [at least] material, element of proof in the plaintiff's case." *Id.* (second alteration in original) (citations and internal quotation marks omitted).

*Casey v. 3M Corp*., No. 18-CV-11211-DJC, 2019 WL 569848, at *5 (D. Mass. Feb. 12, 2019) (J. Casper) is instructive.  In that case, this court held that the plaintiff did not allege that the defendant Apax independently engaged in any activity in Massachusetts.  Instead, his jurisdictional claim attempted to impute an affiliated company's forum related contacts to confer jurisdiction over Apax.  *Id.* at *4.  In granting the defendant's 12(b)(2) motion to dismiss, this Court held "Absent facts that suggest Apax engaged this forum either directly or indirectly, Casey cannot satisfy his burden under the relatedness inquiry." *Id*. at 5.

Similarly, Plaintiff has not alleged any specific facts that Defendant Gabriel made the calls—in fact it is the contrary—"Junior" and or "Mitchell" made the calls. The calls to Plaintiff are the only "forum" related activities and do not relate to Defendant Gabriel.

Plaintiff has not alleged any specific facts that Defendant Gabriel is responsible for the calls except that Certificates show he worked for Defendant Gabriel during this time frame. Mitchell did not work for Gabriel during this time frame. (Defendant Gabriel Decl. ¶ 18-19 & Ex. A.) Even if he did, Defendant Gabriel did not provide him Plaintiff's phone number to be called or direct him to call Plaintiff. (Defendant Gabriel Decl. ¶¶ 13-17, 21-22). There are no facts suggesting Defendant Gabriel engaged this forum either directly or indirectly. Plaintiff cannot meet his burden to show relatedness.

### 2. Solomon and Associates is not related to this forum

Plaintiff has not alleged any specific facts that Defendant Solomon is related to this forum at all. He does not even allege that Mitchell was working for Defendant Solomon. (See Complaint, generally; *See also* Defendant Gabriel Decl. ¶¶ 18-19 & Ex. A.). Defendant Solomon was not even calling into Massachusetts at the time. (Defendant Gabriel Decl. ¶¶ 13-14). Plaintiff cannot establish Defendant Solomon engaged with this forum. *See Cardenas v. Spinnaker Resorts, Inc.*, 2017 WL 3315285, at *6 (D.N.J. Aug. 3, 2017) (finding a lack of personal jurisdiction because, among other things, the "[p]laintiff fail[ed] to allege that the [defendant] made the unsolicited telephone calls that gave rise to this action").

### 3. Plaintiff cannot establish purposeful availment

The "purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Avocent Huntsville Corp.*, 552 F.3d at 1329. Purposeful availment turns on voluntariness and foreseeability. "Voluntariness requires that the defendant's contacts with the forum state proximately result from actions by the defendant himself." *Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.*, 825 F.3d 28, 36 (1st Cir. 2016) (internal citations omitted). "Foreseeability requires that a defendant's contacts with the forum state are 'such that [the defendant] could reasonably anticipate being haled into court

there.' " *Id.* (alteration in original) (quoting *Adelson v. Hananel*, 510 F.3d 43, 50 (1st Cir. 2007) (internal quotation marks omitted)).

The fact that Defendant Gabriel was owner of Solomon is insufficient by itself to establish jurisdiction. *Moser v. Lifewatch Inc.*, No. 19-CV-831-WQH-BLM, 2020 WL 1849664, at *8 (S.D. Cal. Apr. 13, 2020). In that case, the plaintiff sued individual David Roman and corporate defendants Lifewatch, Inc. ("Lifewatch") and Medguard Alert, Inc. ("Medguard") for violations of the TCPA. *Id.* at *1. The plaintiff in *Moser* alleged that Roman committed intentional acts by conducting business in California for Lifewatch and Medguard and by ordering or conducting the alleged telephone calls to plaintiff. *Id.* He alleged Roman was Vice-President and Chairman of Lifewatch and the President, CEO, and Treasurer of Medguard. *Id.* at *2.

Roman was a Connecticut resident, and filed a motion to dismiss for lack of personal jurisdiction. *Id.* at *2, 6. In granting the motion, the Court in *Moser* held that the plaintiff's allegation that Roman conducted business in California was conclusory. *Id.* at *8. More importantly, it held that Roman controverted plaintiff's allegation that Roman conducted or ordered the calls to Moser in California. *Id.* According to the Court:

> **The Court cannot conclude that Roman committed any intentional act that was expressly aimed at California**. Moser fails to meet his burden to establish that Roman "purposefully direct[s] his activities" towards California. Axiom Foods, Inc., 874 F.3d at 1068 (quotation omitted). The Court concludes that it lacks personal jurisdiction over Defendant Roman.

*Id.* (emphasis added).

Plaintiff's Amended Complaint did not muster any allegation at all that Defendant Gabriel conducted or ordered calls to Plaintiff. The evidence is to the contrary. (Defendant Gabriel Decl. ¶¶ 13-22 & Ex. A). Similarly, Plaintiff makes no allegations that Defendant Solomon was involved in calls to Plaintiff. The evidence is to the contrary. (Defendant Gabriel Decl. ¶¶ 13-22 &Ex. A). Plaintiff cannot meet his burden to show purposeful availment with the Solomon Defendants.

**4. Plaintiff cannot establish jurisdiction over the Solomon Defendants is reasonable**

The reasonableness inquiry is based on a balancing of the following "Gestalt factors": "(1) the burden on the defendant, (2) the forum's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the states in furthering fundamental substantive social policies." *Synthes (U.S.A.),* 563 F.3d at 1299. "The purpose of the gestalt factors is to aid the court in achieving substantial justice, particularly where the minimum contacts question is very close." *Nowak v. Tak How Inv., Ltd.*, 94 F.3d 708, 717 (1st Cir. 1996).

The factors "may serve to 'establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than otherwise would be required,' but they may also establish a 'compelling case' that would 'render jurisdiction unreasonable' despite the presence of minimum contacts." *Synthes (U.S.A.)*, 563 F.3d at 1299 (quoting *Burger King Corp.*, 471 U.S. at 477, 105 S.Ct. 2174).

The burden on the defendant factor– favors Florida Defendants Gabriel and Solomon. *See Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 210 (1st Cir. 1994) ("The burden associated with forcing a California resident to appear in a Massachusetts court is onerous" and is "entitled to substantial weight in calibrating the jurisdictional scales").

The second factor, the forum's interest in adjudicating the dispute – favors the Solomon Defendants. *Collision Commc'ns, Inc. v. Nokia Sols. & Neworks Oy*, No. 19-CV-12251-ADB, 2020 WL 5237686, at *9 (D. Mass. Sept. 2, 2020) ("Similarly, the most effective resolution of this matter is not likely through adjudication in this forum when Plaintiff is located in New Hampshire and will have witnesses and documents outside of the Commonwealth.").

The third factor, the plaintiff's interest in obtaining convenient and effective relief, favors Plaintiff.

The fourth factor, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, this factor is "[u]sually ... a wash…" *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 211 (1st Cir. 1994)).

Finally, the shared interest of the states in furthering fundamental substantive social policies this is likely a wash as well. Regardless, as Plaintiff cannot meet his burden to show relatedness and purposeful availment, even if Plaintiff could show that the Gestalt factors favors him, his Amended Complaint should still be dismissed as to the Solomon Defendants. *K.O. v. Sessions*, 436 F. Supp. 3d 442, 453 (D. Mass. 2020) (finding plaintiff barely demonstrated jurisdiction would not be unreasonable and still granting motion to dismiss based on relatedness and purposeful availment prongs).

## IV.   CONCLUSION

Plaintiff does not allege sufficient facts to link Defendant Gabriel and Defendant Solomon to the calls alleged in the Amended Complaint. Plaintiff cannot meet his burden to show Florida residents Defendant Gabriel and Defendant Solomon have any contact with this forum. Plaintiff's Amended Complaint against these defendants must be dismissed.

Respectfully submitted,

DATED: November 16, 2020

/s/ John O. Postl
John O. Postl
POSTL LEGAL
21 Mayor Thomas J. McGrath Hwy.
Suite 404
Quincy, MA  02169
john.postl@postllegal.com
Attorneys for Defendant GABRIEL SOLOMON erroneously sued as GABRIEL SOLOMON d/b/a SOLAR MEDIA TEAM and RENOVATION REFERRAL LLC f/k/a SOLOMON & ASSOCIATES LLC

CERTIFICATE OF SERVICE

I, John O. Postl, certify that on this 16th day of November, 2020, I filed electronically the foregoing document and paper copies will be sent to the Plaintiff as follows:

>Patrick Michaud
>PO Box 320675
>Boston, MA 02132

*/s/ John O. Postl*
John O. Postl