UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICK MICHAUD,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>GABRIEL SOLOMON D/B/A SOLAR MEDIA TEAM, SOLOMON ASSOCIATES, LLC, MITCHELL GORDON, SOLAR SOLUTIONS, INC., SUNERGY SOLAR, LLC, JANE DOE(S) & JOHN DOE(S)<br><br>　　　　Defendant(s). | ) NO.: 1:20-cv-11999-DJC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY IN SUPPORT OF GABRIEL SOLOMON'S
AND RENOVATION REFERRAL, LLC f/k/a SOLOMON & ASSOCIATES LLC'S
<u>MOTION FOR EXTENSION</u>**

**I.   INTRODUCTION**

Defendants Gabriel Solomon and Solomon & Associates, LLC ("Solomon Defendants") assert that Plaintiff requested until Friday November 13, 2020 to meet and confer regarding the Solomon Defendants' Motion to Dismiss. Plaintiff's Opposition to Plaintiff's request for an extension to file its Motion to Dismiss asserts that "Attorney Postl had his answer to his inquiry on the defendants' motion to dismiss" prior to November 13, 2020. (Dkt 10 at 1.)

This is not the case, as shown by Plaintiff's November 12, 2020 e-mail.

> **From:** Patrick Michaud
> **To:** John O. Postl
> **Subject:** Re: Michaud v. Solomon et als Case 1:20-cv-11999
> **Date:** Thursday, November 12, 2020 10:52:42 AM
>
> John:
>
> I will have time tomorrow at 2:00 to confer and/or respond to your email.

　　　(See Ex. 1)

As shown below, the Solomon Defendants have good cause for a one-day extension on their motion to dismiss, which were filed on November 16, 2020, rather than November 13, 2020. Plaintiff's Opposition fails to show otherwise, as shown below.

## II.   ARGUMENT

### A.   Plaintiff fails to show that a one-day extension would not honor the spirit of the Local Rule regarding meet and confer

As shown above, Plaintiff requested to discuss the Solomon Defendants' motions to dismiss on the Friday afternoon they were due. (Ex. 1)  The illness of the Solomon Defendants' counsel prevented that conference from occurring until the following Monday. (Dkt 5-3 at 2.) For this Court to grant the Solomon Defendants' a one-day extension for filing its motion to dismiss is consistent with Rule 7.1.  *See, e.g., Amoah v. McKinney*, No. CV 4:14-40181-TSH, 2016 WL 3906580, at *1 (D. Mass. July 14, 2016) (noting "In addition to being late, plaintiff's motion lacked a Rule 7.1 certification. This court effectively excused plaintiff's late filing by denying the motion without prejudice and permitting plaintiff 'to refile his motion by May 13, 2016.'")

### B.   Plaintiff concedes the Solomon Defendants' argument that the Court can grant relief *sua sponte*

Where a plaintiff does not address an argument in opposition to a motion to dismiss, he waives opposition to that argument. *Trindade v. Grove Servs., Inc.*, No. 19-CV-10717-ADB, 2020 WL 6566509, at *4 (D. Mass. Nov. 9, 2020) (collecting cases).  Plaintiff's Opposition does not address the Solomon Defendants' argument that the Court can *sua sponte* grant an extension. *See, e.g., Awad v. First Tower Funding, LLC*, No. CV 17-10994-JGD, 2018 WL 2770129, at *1 (D. Mass. June 8, 2018) (court, sua sponte, issued an order extending the time for the plaintiff to respond to a motion to dismiss).  Nor does he address the Solomon Defendants' argument that the Court can dismiss Plaintiff's claims *sua sponte* for lack of personal jurisdiction. *See, e.g., Procter & Gamble Commercial LLC v. Caribbean Vessels*, 550 F.Supp.2d 230, 233 n.6 (D.P.R. 2007).  He has waived Opposition to these arguments and the Solomon Defendants' Motion for Extension should be granted on these grounds alone.

**III.   PLAINTIFF'S IMPROPER REQUEST FOR REMAND SHOULD BE DENIED.**

Plaintiff's Request for Remand is contained in his Opposition to Solomon Defendants' Motion to Dismiss. Accordingly, Plaintiff has not properly requested the relief he seeks. *See Armington v. Dolgencorp. Inc.*, No. 3:07–CV–1130–J–JRK, 2009 WL 210723, at *2 (M.D. Fla. Jan. 20, 2009) ("It is not appropriate to seek an order for affirmative relief in a response to a motion.") *Martin v. Northfork Elec. Co-op., Inc.*, No. CIV-04-1155-F, 2005 WL 2777032, at *1 (W.D. Okla. Oct. 25, 2005) ("Plaintiff's requests are motions improperly embedded in a response brief, and the court has no obligation to consider them.").

Moreover, Plaintiff's request acknowledges the Court has jurisdiction over his TCPA claims. Therefore, Plaintiff's request for remand should be denied. *See, e.g., Edmonds v. DirecTV, LLC*, No. 1:16-CV-1291-STA-EGB, 2017 WL 1435760, at *1 (W.D. Tenn. Apr. 21, 2017) (holding that "the Court concludes that it has subject-matter jurisdiction over Plaintiff's TCPA claims and that Defendant's removal of the claims was proper. Therefore, Plaintiff's Motion to Remand is DENIED.")

**IV.   CONCLUSION**

Granting a one-day extension of time to respond to the Amended Complaint is consistent with the spirit of Local Rule 7.1. Moreover, the Court can *sua sponte* address the issues raised by the Solomon Defendants' Motions.

Plaintiff's request for remand concedes there is jurisdiction. Plaintiff's Opposition to the Solomon Defendants' request for a one-day extension to file their Motion to Dismiss should be denied in its entirety.

                                              Respectfully submitted,

DATED: December 10, 2020                  /s/ Stephen A. Watkins
                                                    Stephen A. Watkins
                                                    CARLSON & MESSER LLP
                                                    5901 W. Century Blvd. #1200
                                                    Los Angeles, CA 90045
                                                    watkinss@cmtlaw.com

>Attorneys for Defendant GABRIEL SOLOMON erroneously sued as GABRIEL SOLOMON d/b/a SOLAR MEDIA TEAM and RENOVATION REFERRAL LLC f/k/a SOLOMON & ASSOCIATES LLC
>*pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). and paper copies will be sent by mail to those indicated as non-registered participants on December 10, 2020.

>  /s/  Stephen A. Watkins
> Stephen A. Watkins

# Exhibit 1

**From:** Patrick Michaud
**To:** John O. Postl
**Subject:** Re: Michaud v. Solomon et als Case 1:20-cv-11999
**Date:** Thursday, November 12, 2020 10:52:42 AM

John:

I will have time tomorrow at 2:00 to confer and/or respond to your email.

On Wed, Nov 11, 2020 at 7:23 PM John O. Postl <john.postl@postllegal.com> wrote:

> Patrick
>
> I am writing to respond to your emails of yesterday in connection with this matter.
>
> 1. <u>Dismissals.</u> I do not represent Solar Solutions, Inc. or Sunergy Solar, LLC and as such I have no objection to your dismissing them from the suit. Since no responsive pleading has been filed on behalf of either, you can dismiss by way of Voluntary Dismissal and not by Stipulation.
> 2. <u>Demand.</u> Your settlement demand is rejected, I do not have authority to make a counter offer.
> 3. <u>Meet and Confer</u>. I am planning on filing a Motion to Dismiss the complaint. Under Local Rule 7-1 of the District Court, we are required to meet and confer before filing a motion. I will consider this email and your response as our meet and confer but if you would like to discuss further please feel free to call me. The basis of the motion is as follows:
>
>    A. <u>There is no vicarious liability for Gabriel Solomon ("Gabriel")</u>. A party who engages a third-party telemarketer may be held vicariously liable under federal common law agency principles for a TCPA violation. *Rosenberg v. LoanDepot.com LLC*, 435 F. Supp. 3d 308, 325 (D. Mass. 2020) – At best the Amended Complaint has alleged Mitchell was working for Solomon Associates. The Amended Complaint does not allege, nor can it, that Gabriel directed Gordon take any action which would have allegedly violated the TCPA.
>    B. <u>There is no direct liability for Gabriel</u>. The First Circuit has yet to define the scope of individual liability for ATDS cases under the TCPA. Courts that have addressed the issue have concluded that individuals acting on behalf of a corporation may be held personally liable for violations of Section 227 if they "had direct, personal participation in or personally authorized the conduct found to have violated the statute." *Jones v. Montachusett Reg'l Transit Auth.*, No. 4:19-CV-11093-TSH, 2020 WL 1325813, at *4 n. 3 (D. Mass. Feb. 7, 2020). The Amended Complaint does not allege, nor can it, that Gabriel participated in the calls or personally authorized Mitchell to engage in conduct which allegedly violated the TCPA.
>    C. <u>There is no personal jurisdiction as to Gabriel</u>. Gabriel is not subject to jurisdiction in Massachusetts simply by virtue of his affiliation with Solomon Associates. *See*

*Moser v. Lifewatch Inc.*, No. 19-CV-831-WQH-BLM, 2020 WL 1849664, at *8 (S.D. Cal. Apr. 13, 2020). The Amended Complaint does not allege, nor can it, that Gabriel personally committed any tort within the Commonwealth that would subject him to jurisdiction of the Commonwealth.

D. <u>Plaintiff's claims against Solomon & Associates are not plead with specificity</u> The Amended Complaint lumps Solomon & Associates, Solar Solutions and Sunenergy together. This is insufficient to state a claim. *Redondo Waste Sys., Inc. v. Lopez-Freytes* (1st Cir. 2011) ("For us to draw such an inference, Redondo's complaint must allege facts linking each defendant to the grounds on which that particular defendant is potentially liable. Id. at 1948. If the complaint fails to do so, then we must affirm the dismissal order. Id.")

Based on the foregoing, we maintain that the complaint against Gabriel and Solomon Associates must be dismissed. If you agree, then we direct that a Voluntary Dismissal with prejudice be filed with respect to these two defendants. If you do not agree, please so indicate, I will file the motion to dismiss and will certify to the court that the meet and confer took place.

John

PLEASE NOTE OUR NEW ADDRESS:

John O. Postl

JOHN POSTL, P.C.

21 MAYOR THOMAS J. MCGRATH HIGHWAY

SUITE 404

QUINCY, MA 02169

T: 617-423-6400

F: 617-507-5999 fax

E: John.Postl@Postllegal.com

Web: www.postllegal.com

THIS COMMUNICATION IS FROM A DEBT COLLECTOR

TO PLACE NEW CLAIMS, EMAIL CLAIMS@JOHNPOSTLPC.COM

TO REQUEST AN UPDATE OF A CLAIM EMAIL CLAIMS@JOHNPOSTLPC.COM