UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICK MICHAUD,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>GABRIEL SOLOMON D/B/A SOLAR MEDIA TEAM, SOLOMON ASSOCIATES, LLC, MITCHELL GORDON, SOLAR SOLUTIONS, INC., SUNERGY SOLAR, LLC, JANE DOE(S) & JOHN DOE(S)<br><br>　　　　Defendant(s). | NO.: 1:20-cv-11999-DJC |

**REPLY IN SUPPORT OF GABRIEL SOLOMON'S
AND RENOVATION REFERRAL, LLC f/k/a SOLOMON & ASSOCIATES LLC'S
MOTION TO DISMISS**

**I.　INTRODUCTION**

Plaintiff does not allege sufficient facts to link Defendant Gabriel and Defendant Solomon to the calls alleged in the Amended Complaint. In his Opposition, he resorts to exhibits and allegations outside the pleadings. This must be disregarded in consideration of Defendants' Rule 12(b)(6) motion. *See, e.g., McLaughlin Transp. Sys., Inc. v. Rubinstein*, 390 F. Supp. 2d 50, 57 (D. Mass. 2005) (exercising discretion to exclude affidavits submitted in support of an opposition to a motion for judgment on the pleadings).

Regardless, Plaintiff's Opposition fails to meet his burden to show Florida residents Defendant Gabriel and Defendant Solomon have any contact with this forum. Plaintiff's Amended Complaint against these defendants must be dismissed for lack of jurisdiction.

**II.　PLAINTIFF'S ALLEGATIONS OUTSIDE THE PLEADINGS**

All of Plaintiff's evidence in support of his Opposition only serves to reinforce that Mitchell Gordon was not employed by the Solomon Defendants at the time of the March 27-29, 2017 calls at issue.

    Mitchell Gordon denies he was employed at the time:

> From: Mitchell Gordon <mitchimo@gmail.com>
> Date: Sunday, May 28, 2017 at 10:08 PM
> To: Gabriel Solomon <Gabe@solarmediateam.com>
> Cc: Joe Kairalla <joek@solarmediateam.com>
> Subject: TCPA STATEMENT FROM MITCHELL GORDON
>
> To Whom It May Concern:
>
> I, Mitchell Gordon, have been working for Sunergy Solar since March 1, 2017.

    (Dkt 11-1 at 11.)

> At no point from March 1, 2017 till Now, have I worked for Gabe Solomon or Solar Media Team.

    (Dkt 11-1 at 11.)

    Plaintiff's only response is that because allegedly Sunergy Solar claims Mitchell was not working for them, that means Mitchell Gordon must be working for the Solomon Defendants at the time of the call:

> Patrick Michaud <pmichaud@michaudlawfirm.com>    Tue, May 30, 2017 at 8:29 PM
> To: Gabe Solomon <Gabe@solarmediateam.com>, Suzy Tate <suzy@suzytate.com>, Mitchell Gordon <mitchimo@gmail.com>
>
> All,
>
> I just got off the phone with Terry Keeter of Sunergy Solar, LLC who claims he has never heard of Mitchell Gordon.
>
> That said, I am done going around in circles with everyone here. I intend to pursue all legal avenues.
>
> Thank you.

    (11-1 at 15.)

    This is not enough to support Plaintiff's Amended Complaint against the Solomon Defendants and Plaintiff's Amended Complaint against them should be dismissed.

/ / /

/ / /

/ / /

### III.  DEFENDANTS' 12(B)(6) MOTION SHOULD BE GRANTED

####   A.  Plaintiff fails to state a claim against the Solomon Defendants

####   1.  Plaintiff's Opposition concedes he fails to state a claim

Plaintiff's Opposition concedes his current allegations are insufficient:

> **Although not specifically stated in the complaint**, it is a reasonable inference to conclude that Gabriel Solomon ("Solomon") who has been sued in his individual capacity pursuant to M.G.L. c. 93A as the owner of Solomon & Associates, LLC and as an individual doing business as ("d/b/a") Solar Media Team ("SMT") **that Solomon also is in charge of and responsible for the automatic dialing systems in place and for the direction of his employees, including, but not limited to Mitchell Gordon**. (See Exhibit "A" attached hereto for copy of Registration Certificate and Facebook post).

(Dkt 11 at 2.)

Plaintiff also states as follows:

> Here, Gabriel Solomon is the "man-in-charge" at SMT and Solomon & Associates, LLC and subjects him to personal liability outlined above.

(Dkt 11 at 5.) (emphasis added).

Plaintiff's Opposition to the Solomon Defendants' 12(b)(6) Motion improperly relies on allegations and exhibits that are not part of the pleadings and should be disregarded. *See, e.g., McLaughlin* 390 F. Supp. 2d at 57 (D. Mass. 2005) (exercising discretion to exclude affidavits submitted in support of an opposition to a motion for judgment on the pleadings); *Middleton v. Murray*, No. 3:19-CV-11330-KAR, 2020 WL 6082136, at *2 (D. Mass. Oct. 15, 2020) (granting motion to dismiss and holding certain "allegations are not properly before the court at this time in connection with the defendants' Rule 12(b)(6) motion because they are not in the complaint and Middleton has not moved for leave to amend his complaint."); *Greebel v. FTP Software, Inc.*, 182 F.R.D. 370, 376 (D. Mass. 1998), aff'd, 194 F.3d 185 (1st Cir. 1999) (holding "Although Plaintiffs have not requested leave to amend their complaint, they have sought to introduce evidence taken from Defendant FTP's files during discovery to oppose Defendants' motion to dismiss. The court has not considered this evidence in analyzing the motion to dismiss.")

### 2. Plaintiff cannot state a claim against the Solomon Defendants

In his Amended Complaint, as pleaded, Plaintiff does not provide any specific allegations that at the time of the calls Defendant Gabriel directed the calls at issue. Simply being the owner of a company is not enough to trigger liability. Plaintiff has not alleged that Defendant Gabriel "personal participation in or personally authorized the conduct found to have violated the statute." *Jones v. Montachusett Reg'l Transit Auth.*, No. 4:19-CV-11093-TSH, 2020 WL 1325813, at *4 n. 3 (D. Mass. Feb. 7, 2020) (citations omitted).

Plaintiff pleads no facts that lead to an inference that Defendant Gabriel was involved with calls made by Mitchell Gordon on March 27-29, 2017. Nor has Plaintiff pleaded any facts that Defendant Solomon employed Mitchell Gordon at the time of these calls. Plaintiff's Opposition fails to show how his Amended Complaint states a claim against the Solomon Defendants at all. Plaintiff's Amended Complaint as to the Solomon Defendants should be dismissed.

## IV. DEFENDANTS' 12(B)(2) MOTION SHOULD BE GRANTED

### A. Plaintiff fails to meet his burden to establish jurisdiction

"To survive a motion to dismiss under Rule 12(b)(1), the plaintiff has the burden of establishing that subject matter jurisdiction exists." *Candra v. Cronen*, 361 F. Supp. 3d 148, 154 (D. Mass. 2019). As shown below, Plaintiff fails to meet his burden to do so.

### 1. Plaintiff fails to establish jurisdiction against the Solomon Defendants

In considering a Rule 12(b)(2) Motion, the Court will "not credit conclusory allegations or draw farfetched inferences." *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 203 (1st Cir. 1994). The Court is also required to "add to the mix facts put forward by the defendants, to the extent that they are uncontradicted." *Massachusetts Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142* F.3d 26, 34 (1st Cir. 1998). However, conclusory allegations are all that Plaintiff presents in opposition to the Solomon Defendants' 12(b)(2) Motion.

Therefore, Plaintiff's reliance on conclusory paragraphs 8-10 of the Amended Complaint is insufficient to establish jurisdiction. Moreover, none of the exhibits submitted by Plaintiff do not contradict the Solomon Defendants' evidence that Mitchell Gordon was not employed by

Solomon & Associates on March 27-29, 2020—when the calls at issue took place. (Solomon Decl. ¶¶ 18-19 & Ex. A) (5-1)

| **Plaintiff's evidence** | **Solomon Defendants' position** |
|---|---|
| Mitchell Gordon's Linkedin asserts he was employed at Solomon at one point:<br><br>Solar Media Team a Division of Solomon & Associates, LLC<br>Jan 2016 – Mar 2017  1 yr 3 mos<br>Deerfield Beach, Florida<br><br>(11-1 at 3.) | This is not inconsistent with Solomon Defendants assertion that Gordon was no longer employed with Solomon & Associates by the end of March 2017 |
| Plaintiff's exhibit implies Gordon was working for someone other than the Solomon Defendants in March 2017, namely Infinity Sales<br><br>(11-1 at 5-6) | This is consistent with Solomon Defendants assertion that Gordon was no longer employed at beginning of March 2017 |
| Certificate for Mitch Gordon of Solomon & Associates with an issue date of November 7, 2016 and Expiration date of November 2017<br><br>(11-1 at 2.) | This is not inconsistent with the Solomon Defendants' assertion that Gordon was no longer employed by Solomon & Associates at beginning of March 2017 |

Plaintiff's entire case is based off the statement that "Sunergy Solar" asserts it never heard of Mitchell Gordon. (Dkt 11-1 at 15.) Mr. Gordon even states he was not working for Sunergy, but represented that he worked there because he was considering an offer from another company. (Dkt 11-1 at 9, 11, 13, 14, 18) That leads to the "farfetched inferences" forbidden by *Ticketmaster,* 26 F.3d at 203—that this somehow means Mitchell Gordon was working for Solomon & Associates at the time of the calls, despite all of the evidence to the contrary.

Without any evidence, Plaintiff cannot meet his burden to establish jurisdiction as to the Solomon Defendants. He has made no showing as to continuous contacts to establish general jurisdiction. Nor has he met his burden to show specific jurisdiction by means of relatedness, purposeful availment and reasonableness. *See Rodriguez v. Samsung Electronics Co*., Ltd., 827 F. Supp. 2d 47, 50 (D. Mass. 2011).

There is no evidence that the Solomon Defendants were involved with the calls to Plaintiff in late March, and therefore there is no personal jurisdiction. *See Cardenas v. Spinnaker Resorts,*

*Inc.*, 2017 WL 3315285, at *6 (D.N.J. Aug. 3, 2017) (finding a lack of personal jurisdiction because, among other things, the "[p]laintiff fail[ed] to allege that the [defendant] made the unsolicited telephone calls that gave rise to this action")

Plaintiff cannot establish purposeful availment merely because Defendant Gabriel owned Defendant Solomon. *Moser v. Lifewatch Inc*., No. 19-CV-831-WQH-BLM, 2020 WL 1849664, at *8 (S.D. Cal. Apr. 13, 2020). Similarly, this Court in *Casey v. 3M Corp*., No. 18-CV-11211-DJC, 2019 WL 569848, at *5 (D. Mass. Feb. 12, 2019) (J. Casper) refused to find personal jurisdiction was established simply because one company was an affiliate of another. "Casey does not allege that Apax independently engaged in any activity in Massachusetts, rather, his jurisdictional claim attempts to impute an affiliated company's forum related contacts to confer jurisdiction over Apax." *Id.*

Where a plaintiff does not address an argument in opposition to a motion to dismiss, he waives opposition to that argument. *Trindade v. Grove Servs., Inc.,* No. 19-CV-10717-ADB, 2020 WL 6566509, at *4 (D. Mass. Nov. 9, 2020) (collecting cases). Plaintiff makes no attempt to rebut the Solomon Defendants' evidence that it was not calling Massachusetts in March of 2017 and did not direct calls there. (Solomon Decl. ¶¶ 13-15) (Dkt 5-1) He has waived argument in this regard.

Plaintiff also makes no attempt to argue reasonableness and therefore has waived opposition to this argument.

This Court lacks personal jurisdiction over the Solomon Defendants. Plaintiff's Amended Complaint should be dismissed.

## V.   CONCLUSION

Plaintiff's Opposition does not allege sufficient facts to link Defendant Gabriel and Defendant Solomon to the calls alleged in the Amended Complaint. Plaintiff cannot meet his burden to show Florida residents Defendant Gabriel and Defendant Solomon have any contact with this forum. Plaintiff's Amended Complaint against these defendants must be dismissed.

                                            Respectfully submitted,

DATED: December 10, 2020                          /s/ Stephen A. Watkins
                                                        Stephen A. Watkins
                                                        CARLSON & MESSER LLP
                                                        5901 W. Century Blvd. #1200
                                                        Los Angeles, CA 90045
                                                        watkinss@cmtlaw.com
                                                        Attorneys for Defendant GABRIEL
                                                        SOLOMON erroneously sued as GABRIEL
                                                        SOLOMON d/b/a SOLAR MEDIA TEAM
                                                        and RENOVATION REFERRAL LLC f/k/a
                                                        SOLOMON & ASSOCIATES LLC
                                                        *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). and paper copies will be sent by mail to those indicated as non-registered participants on December 10, 2020.

                                                                        /s/ Stephen A. Watkins
                                                                         Stephen A. Watkins